IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| **DOUGLAS MOOMEY,**<br><br>Plaintiff,<br><br>v.<br><br>**EXPRESS MESSENGER SYSTEMS, INC., dba OnTrac; ONTRAC LOGISTICS, INC.; ROBERT E. HUMPHREY JR.; STUART L. AGRANOFF; THOMAS FISCHER; SARA WESTFALL; MARY KAY HANDLEY; ALEX VELASQUEZ; BRAD FLORES; and DOES 1-5,**<br><br>Defendants. | **ORDER**<br><br>Case No. 2:21-cv-00575-DAK-JCB<br><br>District Judge Dale A. Kimball<br><br>Magistrate Judge Jared C. Bennett |

District Judge Dale A. Kimball referred this case to Magistrate Judge Jared C. Bennett under 28 USC § 636(b)(1)(B).[1] Before the court is Defendants Express Messenger Systems, Inc., dba OnTrac; OnTrac Logistics, Inc.; Robert E. Humphrey Jr.; Stuart L. Agranoff; Thomas Fischer; Sara Westfall; Mary Kay Handley; Alex Valesquez; and Brad Flores's (collectively, "Defendants") Motion to Quash Service of Summons and Complaint for Insufficient Process and Insufficient Service of Process.[2] Also before the court is Plaintiff Douglas Moomey's ("Mr.

---

[1] ECF No. 2.

[2] ECF No. 12.

Moomey") Motion to Amend/Correct Service of Process.[3] The court has carefully reviewed the parties' written memoranda. Under DUCivR 7-1(f), the court concludes that oral argument is not necessary and, therefore, decides the motions on the written memoranda. For the reasons stated below, Defendants' Motion to Quash Service of Summons and Complaint for Insufficient Process and Insufficient Service of Process is granted, and Mr. Moomey's Motion to Amend/Correct Service is denied as moot.

## BACKGROUND

On October 1, 2021, Mr. Moomey filed the complaint in this action.[4] On October 13, 2021, Mr. Moomey filed a proof of service with the court.[5] On November 1, 2021, Defendants filed the motion that is currently before the court. Pursuant to Fed. R. Civ. P. 12(b)(4) and 12(b)(5), Defendants moved to quash service of the summons and complaint that was purportedly served upon them and/or moved to dismiss Mr. Moomey's complaint due to insufficient process and insufficient service of process. As grounds for Defendants' motion under Rule 12(b)(4), Defendants allege that Mr. Moomey failed to follow the requirements of Fed. R. Civ. P. 4(a) and (c). More specifically, Defendants allege that (1) the summons Mr. Moomey purportedly served upon Defendants failed to satisfy Rule 4(a)'s requirements of being signed by the clerk and/or bearing the court's seal; and (2) the process purportedly served failed to meet the requirements of Rule 4(c) because it failed to include a complete copy of the complaint. As

---

[3] ECF No. 21.

[4] ECF No. 1.

[5] ECF No. 10.

grounds for Defendants' motion under Rule 12(b)(5), Defendants allege that Mr. Moomey failed to properly serve each Defendant in accord with the requirements of Rule 4(e) and (h). More specifically, Mr. Moomey failed to: (1) properly serve the corporate Defendants, but instead mailed various incomplete copies of his documentation to one or more of their places of business; and (2) properly serve the individual Defendants, but instead mailed various incomplete copies of his documentation to their places of business and/or to a company representative.[6]

On November 8, 2021, Mr. Moomey filed a Motion to Amend/Correct Service of Process[7] as well as a memorandum opposing Defendants' Motion to Quash Service of Summons and Complaint.[8] In these filings, Mr. Moomey concedes that he failed to satisfy the requirements of Rule 4 as to both the proper manner of service and proper process.[9] On November 22, 2021, Defendants filed a reply in support of the their motion to quash and an opposition to Mr. Moomey's motion to amend. In the reply, Defendants represent to the court that they have reached out to Mr. Moomey, suggested that he follow the procedure in Rule 4(d) for waiver of service, and indicated that they are willing to waive service if Mr. Moomey chooses that approach.[10]

---

[6] ECF No. 12 at 2.

[7] ECF No. 21.

[8] ECF No. 20.

[9] ECF Nos. 20 & 21.

[10] ECF No. 23 at 3.

## ANALYSIS

Under Rules 12(b)(4) and 12(b)(5), a "'defendant may object to plaintiff's failure to comply with the procedural requirements for proper service set forth in or incorporated by Rule 4.'"[11] "'A Rule 12(b)(4) motion constitutes an objection to the form of process or the content of the summons rather than the method of its delivery.'"[12] "'A Rule 12(b)(5) motion . . . challenges the mode or lack of delivery of a summons and complaint.'"[13] Motions brought under Rules 12(b)(4) and 12(b)(5) "'differ from the other motions permitted by Rule 12(b) somewhat in that they offer the district court a course of action—quashing the process without dismissing the action—other than simply dismissing the case when the defendant's defense or objection is sustained.'"[14] The plaintiff has the burden of establishing the validity of service.[15] Where plaintiff does not meet this burden, a court may dismiss for failure to properly serve.[16]

In deciding on the proper remedy for a plaintiff's failure to properly serve, the United States Court of Appeals for the Tenth Circuit has instructed: "[W]hen a court finds that service is insufficient but curable, it generally should quash the service and give the plaintiff an

---

[11] *Richardson v. Alliance Tire & Rubber Co.*, 158 F.R.D. 475, 477 (D. Kan. 1994) (quoting 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1353 (2d ed. 1990)).

[12] *Williams v. Pub. Serv. Co. of N.M.*, No. CIV-05-0660JBLAM, 2005 WL 3662906, at * 2 (D.N.M. Nov. 7, 2005) (quoting *Oltremari by McDaniel v. Kan. Soc. & Rehab. Serv.*, 871 F. Supp. 1331, 1349 (D. Kan. 1994)).

[13] *Id.* (alteration in original) (quoting *Oltremari by McDaniel*, 871 F. Supp. at 1350).

[14] *Id.* (quoting 5C Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1354 (3d ed. 2004)).

[15] *Fed. Deposit Ins. Corp. v. Oaklawn Apts.*, 959 F.2d 170, 174 (10th Cir. 1992).

[16] *Lasky v. Lansford*, 76 F. App'x 240, 242 (10th Cir. 2003).

opportunity to re-serve the defendant."[17] In this case, Mr. Moomey does not dispute that service of process on the Defendants in this case was deficient. The court finds, however, that under the present circumstances, the deficiencies are curable. This is especially so given Defendants' representation that they are willing to waive service should Mr. Moomey choose to proceed under Rule 4(d). Accordingly, the court concludes that the proper remedy is to quash the process and service on all Defendants and give Mr. Moomey an opportunity to re-serve the Defendants.

## CONCLUSION AND ORDER

For the reasons stated, Defendants' Motion to Quash Service of Summons and Complaint for Insufficient Process and Insufficient Service is GRANTED. The court hereby quashes the service of any summons and/or complaint that was purportedly served on Defendants prior to November 1, 2021, the date of Defendants' motion. Mr. Moomey shall have until January 3, 2022, to properly serve Defendants or to secure Defendants' waiver of service in accord with the requirements of Rule 4(d).

Plaintiff's Motion for Leave of Court to Amend Service is DENIED as MOOT.

DATED December 3, 2021.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

[17] *Pell v. Azar Nut Co., Inc.,* 711 F.2d 949, 950 n.2 (10th Cir. 1983) (citing 5C Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1354 at 586-87 (1969)).